**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 15-05227 BKT** |
| **SURGIFIX INC** | **Chapter 7** |
| | **Adversary No. 17-00202** |
| **Debtor(s)** | |
| **SURGIFIX INC** | |
| **Plaintiff** | |
| **vs.** | |
| **FIRST MEDICAL HEALTH PLAN, INC.** | |
| **Defendant(s)** | **FILED & ENTERED ON 02/14/2019** |
| **NOREEN WISCOVITCH RENTAS, TRUSTEE OF THE CHAPTER 7 ESTATE OF SURGIFIX** | |

**OPINION & ORDER**

Before the court is Defendant First Medical Health Plan, Inc.'s (hereinafter "First Medical" or "Defendant") *Motion for Summary Judgment and for Other Relief* [Dkt. No. 30]; the Chapter 7 Trustee Noreen Wiscovitch Rentas' (hereinafter "Trustee") *Opposition to Defendant's Request for*

1

*Summary Judgment* [Dkt. No. 45]; and First Medical's *Reply to Docket No. 45* [Dkt. No. 49]. For the reasons stated below, the Defendant's *Motion for Summary Judgment and for Other Relief* [Dkt. No. 30] is DENIED.

First Medical argues in its motion for summary judgment that the Trustee has failed to prove that it owes monies to Debtor Surgifix, Inc.'s (hereinafter "Debtor") estate. As such the Trustee's request for the return of approximately $14,436.60 to its estate pursuant to 11 U.S.C. § 542(b) cannot succeed.[1] Defendant bases its argument on the fact that the Trustee has not presented sufficient, competent evidence to enable a finding in her favor and defeat summary judgment. Consequently, First Medical requests that the court dismiss the Trustee's action for the return of $14,436.60, with prejudice, under both section 542 and Puerto Rico law, and further that attorney's fees and costs associated with First Medical's defense be awarded.

The Trustee's opposition is based on First Medical's lack of evidence to prove that no monies are owed to the estate. Defendant alleges that the insurance policy with regard to certain patients did not cover Debtor's orthopedic equipment due to excess fees, lack of coverage and/or failure to follow procedures. The insurance policies that govern the payments claimed in the instant complaint have not been provided by the Defendant. This documentation is necessary to determine whether the medical invoices submitted comply with the terms of the insurance policy.

After reviewing the arguments of the parties, and the relevant law, this court concludes that there is a genuine issue as to a material fact, specifically, whether the policies in place provided for

---

[1] In the Complaint commencing this adversary proceeding [Dkt. No. 1], the Trustee states that in the alternative, this collection of monies action may also proceed pursuant to Puerto Rico law, section 1041, 31 L.P.R.A. section 2991 and 2992.

the coverage that was denied, and whether First Medical properly reviewed and denied each claim according to their established procedure. This is a material fact that mandates an evidentiary hearing. Accordingly, the moving party is not entitled to judgment as a matter of law.

As to the attorney fees and costs requested by Defendant, the same are denied. "The 'American Rule' is that each party bears its own attorney's fees and litigation expenses." Castellanos Grp. Law Firm, L.L.C. v. FDIC (MJS Las Croabas Props.), 545 B.R. 401, 417 (Bankr.D.P.R. 2016), citing New Eng. Surfaces v. E.I. DuPont de Nemours & Co., 558 F. Supp. 2d 116, 122 (D. Me. 2008) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240 (1975)). A court may grant compensation for attorney's fees when an attorney or other person multiplies the proceedings in any case unreasonably and vexatiously. 28 U.S.C. §1927. That is not the situation in this adversary proceeding. First Medical has not provided any evidence to support its allegation that the Trustee has failed to exercise proper due diligence in her pursuit of this turnover action.

WHEREFORE, IT IS ORDERED that Defendant's *Motion for Summary Judgment and for Other Relief* [Dkt. No. 30] shall be, and hereby is, DENIED. The Clerk shall schedule a pre-trial hearing, with the joint pretrial report to be filed seven (7) days prior to said hearing. First Medical's request for attorney fees and costs is denied.

SO ORDERED

San Juan, Puerto Rico, this 14th day of February, 2019.

Brian K. Tester
U.S. Bankruptcy Judge

3